Opinion of the Court, by
Ch. J. Boyle.
THIS was an action by petition, brought by Rolly Blue against Bushrod Boswell and Thomas E. Boswell, upon the following note:
“ Lexington, January 30, 1818.
“ Due Rolly Blue eleven hundred dollars, being money lent, bearing interest from the date.
Bushrod Boswell,
Thomas E. Boswell.”
A plea which commences in bar, though it contains only matter in abatement, & concludes in abatement, is bad, and final judgment will be rendered for the plaintiff.
Pleas in abatement are not embraced by the provisions of the act of January 30, 1811, 1 Dig. 262.
1 Dig. 262.
To the petition the defendants filed a plea in the following words: “ And the said defendants, Thomas E. Boswell and Co. by their attorney, come and defend the wrong and injury, when, &c. and crave oyer of the note in the petition mentioned, which being read, they say, actio non; because the said note in the petition mentioned was made and executed jointly with William F. Emlin and E. S. Fullerton, who are, and were at the time of making said note, partners of the firm of Thomas E. Boswell and Co. who are still living, and not by the said defendants alone; and this they are ready verify: Wherefore, because the said Emlin and Fullerton are not named and sued in the said petition, with the said defendants, they pray judgment of the said petition, and that the same may be quashed.”
To this plea the plaintiff demurred, and on the demurrer the court gave final judgment for the plaintiff; from which the defendants have appealed to this court.
We have no doubt, that the judgment of the circuit court is correct. The matter alleged in the plea, if properly pleaded, would certainly be sufficient to abate the action; but we are of opinion it is not well pleaded.
As a plea in abatement tends to delay the trial of the merits of the action, the utmost accuracy is required in framing it. This accuracy is particularly necessary to be observed in the commencement and conclusion, which, it is said, make the plea; for if a plea which contains matter only in abatement, concludes in bar, it will be bad, and final judgment will be rendered for the plaintiff. So a plea which begins in bar, though it contains only matter of abatement, and concludes in abatement, will be considered a plea in bar, and final judgment shall be given. 2 Saund. 209 a, note 1.
Tested by these principles, the plea in this case must be considered a plea in bar, and consequently bad. It contains, indeed, matter of abatement only, and regularly concludes in abatement; but its commencement is in bar; for the expression, actio non, must be taken to mean, if it means any thing, that the plaintiff ought not to have and maintain his action; which is the regular commencement of a plea in bar.
This objection is not obviated by the provisions of the “ act to amend an act to regulate proceedings in suits at law and in chancery,” approved January 30, 1811. That act has been generally supposed to dispense with *271 all formality in pleading; but it is obvious, as well from the language of the act, as from its reason and spirit, that it was intended to embrace those pleadings only, which went to the merits of the case, and that it cannot be considered to relate to dilatory pleas. The only effect that act can have, is to prevent a party from availing himself of any defect in his adversary’s pleading, which was cause for special demurrer only. But for a defect in the form of a plea in abatement, special cause of demurrer was never necessary to be assigned. 1 Chitty 455.
Judgment affirmed with costs and damages.